In 1988, a jury found defendant Alphonzo Wymes guilty of committing gross sexual imposition against his thirteen year-old niece. The court sentenced him to a prison term of four to ten years. In May 1997, the court received information from the Ohio Department of Rehabilitation and Corrections that it had screened defendants file and recommended that he be adjudicated as a sexual predator. The court conducted a hearing and, over objections relating to the constitutionality of HB 180, the sexual predator statute, determined defendant to be a sexual predator.
Nearly all the assignments of error relating to the constitutionality of the sexual predator law have been raised in identical form in other appeals and decided adversely to defendant either by the Supreme Court of Ohio or this court. Hence, we summarily overrule the first, second, fourth, fifth, sixth, seventh, eight, ninth, tenth and eleventh assignments of error. See State v. Cook (1998), 83 Ohio St.3d 404; State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
The third assignment of error raises the substantive issue whether the court had clear and convincing evidence to show that defendant should be classified as a sexual predator. Defendant argues that the states evidentiary standard to prove an offender is a sexual predator requires more than just certified copies of prior convictions and that standard of proof has not been met in this case.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offenders sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future.
The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). "The statute does not require the court to list the criteria, but only to "consider all relevant factors, including the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 426.
The court did not hear any evidence at the sexual predator hearing, but reviewed its file, the transcripts of the guilty plea and sentencing and the presentence report. The court also took judicial notice of defendants prior convictions, including a prior conviction for rape. The courts file contained the screening instrument prepared by the department of rehabilitation and corrections. That screening instrument contains a checklist of items found in R.C. 2950.09(B)(2). Two items were checked: the age of the victim and that defendant may have been convicted two or more times in separate criminal actions involving sexually oriented offenses.
We find the court had clear and convincing evidence to find defendant a sexual predator because of defendants past criminal record of two sexual offenses and the age of the victim in his most recent sexually oriented offense. These two factors, standing alone, are clear and convincing evidence to show defendant is likely to commit another sexually oriented offense in the future. See State v. Whorton (Aug. 21, 1998), Hamilton App. No. C-970901, unreported; State v. Neely (Aug. 21, 1998), Hamilton App. No. C-970924, unreported. In addition, the court could reasonably find that defendants prior convictions for assault and aggravated assault, considered along with the two sexually oriented offenses, made it likely he would use to force when committing a future sexually oriented offense. The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J.
TERRENCE O'DONNELL. J., CONCUR.
JUDGE, JOHN T. PATTON